## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01646-PAB-MJW

GEORGE SISNEROS,

      Plaintiff,

vs.

COUNTY OF PUEBLO,
OFFICE OF PUEBLO COUNTY SHERIFF,
KIRK M. TAYLOR, PUEBLO COUNTY SHERIFF,
PUEBLO COUNTY SHERIFF'S DETENTION CENTER,
JOHN/JANE DOE deputies and employees (to be later specifically identified) of Pueblo County Sheriff and Detention Center,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC., a Corporation authorized to conduct business in the State of Colorado,
JOHN DOE (to be later specifically identified), individually, and in his capacity as an agent or employee of CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
JANE DOE (to be later specifically identified), individually, and in her capacity as an agent or employee of CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
JOHN/JANE DOE physicians and medical treatment providers (to be later specifically identified) at the Pueblo County Sheriff's Detention Center,
CITY OF PUEBLO,
PUEBLO POLICE DEPARTMENT,
JAMES W. BILLINGS, JR., CHIEF OF POLICE OF PUEBLO,
OFFICER RONALD M. ORESKOVICH,
CENTURA HEALTH/ST. MARY-CORWIN HOSPITAL OF PUEBLO, COLORADO,
PETER ELLIOTT, M.D., and
JOHN/JANE DOE physicians and medical treatment providers (to be later specifically identified) at St. Mary-Corwin Hospital,

      Defendants.

---

**STIPULATION AND PROTECTIVE ORDER** (Docket N. 66-2.

Each party and each Counsel of Record stipulate and move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.      In this action, at least one of the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

      a.      the Parties and/or their representatives' personnel files;

      b.      internal affairs investigation files;

      c.      peer review and quality assurance documents; and

      d.      other documents related to Plaintiff's claims in this action, or the Parties' investigations.

3.      Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a.      By imprinting the word "Confidential" on the first page or cover of any document produced;

b.      By imprinting the word "Confidential" next to or above any response to a discovery request; and

c.      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

4.      All Confidential Information provided in disclosures, in response to a discovery request or in transcribed testimony shall be subject to the following restrictions:

a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless a Written Acknowledgment in the form of Exhibit A has been signed.

5.      Confidential Information identified in accordance with paragraph 3 of this Protective Order shall not, without consent of the party producing it or further Order of the Court, be disclosed or produced except that such information may be disclosed to or produced to:

a.      attorneys actively working on this case;

3

   b. persons employed by or associated with the attorneys actively working on the case whose assistance is requested by said attorneys in the preparation for trial, at trial, or at other proceedings in th s case;

   c. the parties, including designated representatives for the entity defendants and their respective employees, agents and representatives;

   d. expert witnesses, disclosed treating physicians or healthcare providers, and consultants and their staffs retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e. the Court and its employees ("Court Personnel");

   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. deponents;

   h. other persons by written agreement of the Parties; and

   i. a witness who executes the Written Acknowledgment form (Exhibit A).

The Parties, their attorneys and support staff, and stenographic reporters shall not be required to complete the Written Acknowledgment as set forth in Paragraph 6.

  6. Prior to disclosing any Confidential Information to any person listed above (other than the parties, parties' counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed Written Acknowledgment (in the form attached hereto) stating that he or she has read this Protective Order and agrees to abide by its provisions. All such original Written Acknowledgments shall be retained by counsel.

7.      Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action, their undersigned counsel, and insurance representatives, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, by any means, to any other person, entity, news media, or government agency unless authorized to do so by court order.

8.      The Party's counsel who discloses Confidential Information shall obtain and retain the original Written Acknowledgments signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9.      During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 8 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court. To the extent such a challenge arises prior to the Parties expert disclosures, the names of the experts to whom the documents were sent will not need to be disclosed, unless the Court orders such disclosure, and then, the name will be disclosed to the Court only, *in camera*.

10.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including but not limited to, for review by

Case 1:09-cv-01646-PAB-MJV   Document 66-2   Filed 10/28/2009   USDC Colorado   Page 6 c  10

experts in this case.  Any such copies shall be made and used solely for purposes of this litigation.

11.     A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion, within thirty (30) days of the notice, requesting that the Court determine whether the disputed information should be treated as Confidential under the terms of this Protective Order.  If such a motion is timely filed  the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12.     In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

13.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the terms and requirements of this Protective Order shall survive the termination of this action.

14.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of

any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15.     Within sixty (60) days after the conclusion of this litigation, including any appeals, unless other arrangements are agreed upon by all Parties, each Party's counsel shall be responsible for retrieving any and all copies which they have caused to be made of Confidential Information and either destroying such copies or returning such copies to the providing party.

16.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

DATED this  3rd  day of  November , 2009.

BY THE COURT:

Michael J. Watanabe
United States Magistrate Judge

7

**STIPULATED AND AGREED TO:**

s/Richard Tegtmeier
Richard Tegtmeier
TEGTMEIER BEDNARSKI LAW FIRM LLC
104 S. Cascade Avenue, Suite 200
Colorado Springs, CO 80903
(719) 473-5757
*Attorney for Plaintiff*

s/Rick Levinson
Rick Levinson
KAUFMAN & LEVINSON, LLC
2 North Cascade Avenue, Suite 550
Colorado Springs, CO 80903
(719) 447-1511
*Attorney for Plaintiff*

s/Sean Lane
Jonathan A. Cross
Sean J. Lane
CROSS & LIECHTY P.C.
7100 E. Belleview Avenue, Suite G-11
Greenwood Village, CO 80111
(303) 333-4122
*Attorneys for Defendants County of Pueblo, Office of Pueblo County Sheriff, Kirk M. Taylor, Pueblo County Sheriff, Pueblo County Sheriff's Detention Center*

s/Terry Cipoletti
Catherine O'Brien Crum
Terry Cipoletti
KENNEDY CHILDS & FOGG, P.C.
1050 Seventeenth Street, Suite 2500
Denver, CO 80265
(303) 825-2700
*Attorneys for Defendant Correctional Health Care Management, Inc.*

s/Sarah E. McCutcheon
Thomas S. Rice
Sarah E. McCutcheon
SENTER GOLDFARB & RICE, LLC
1700 Broadway, Suite 1700
Denver, CO 80230
(303) 320-0509
*Attorneys for Defendants City of Pueblo, James W. Billings, Jr., and Ronald M. Oreskovich*

s/Laura Wassmuth
Chad Gillam
Laura Wassmuth
KENNEDY CHILDS & FOGG, P.C.
1050 Seventeenth Street, Suite 2500
Denver, CO 80265
(303) 825-2700
*Attorneys for Defendant Centura Health/St. Mary-Corwin Hospital of Pueblo, Colorado*

8

s/Molly Walsh-Ennis
John M. Palmeri
Molly Walsh-Ennis
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202
(303)534-5160
*Attorneys for Defendant Peter Elliot, M.D.*

## EXHIBIT A

## WRITTEN ACKNOWLEDGMENT

Dear Counsel,

1.      I have read the Stipulation and Protective Order in *George Sisneros v. County of Pueblo, et. al.*, Civil Action No. 09-cv-01646 PAB-MJW.

2.      I have been informed by _____, Esq., counsel for _____ _____, that the materials you are providing me contain Confidential Information as defined in the Stipulation and Protective Order.

3.      I have not and will not divulge, or undertake to divulge to any person or recording device, any CONFIDENTIAL Information shown or told to me except as authorized in the Stipulation and Protective Order.  I will not use the CONFIDENTIAL Information for any purpose other than this litigation.

4.      I will abide by the terms of the Stipulation and Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

_____
Telephone No.: (____) _____

Dated: _____

00389923