IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01646-PAB-MJW

GEORGE SISNEROS,

Plaintiff,

v.

COUNTY OF PUEBLO, et al.,

Defendants.

---

## RECOMMENDATION ON
## PLAINTIFF'S MOTION TO AMEND THIRD AMENDED COMPLAINT
## (DOCKET NO. 114)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


        This matter is before the court on the Plaintiff's Motion to Amend Third

Amended Complaint (docket no. 114).  The court has reviewed the subject motion

(docket no. 114) and the responses and legal brief (docket nos. 119 and 120). In

addition, the court has taken judicial notice of the court's file and has considered

applicable Federal Rules of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law, and

recommendation.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

        The subject motion (docket no. 114) is made after the deadline for

amendment of pleadings, and thus this court has applied the following analysis in

deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).

Per the Rule 16 Scheduling Order, the deadline to amend pleadings was December 15, 2009. The date on which the subject motion (docket no. 114) was filed with this court was February 19, 2010. This court finds that the plaintiff has failed establish good cause to extend the deadline within which he may seek leave to amend the complaint.

Plaintiff's proposed amendment seeks to add a claim for relief pursuant to 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs against the Law Enforcement Defendants and Correctional Health Care Management Defendants. There are no new factual allegations that Plaintiff is seeking in the subject motion (docket no. 114). It is clear that Plaintiff knew the basis of his additional claims prior to December 15, 2009. Plaintiff has failed to demonstrate

why he could not have moved to amend his complaint adding the proposed claim above by December 15, 2009.

The second step is consideration of whether the plaintiff have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted). Based upon this standard, and for the reasons stated above and for the additional reasons as outlined in the responses and legal brief (docket nos. 119 and 120), the Plaintiff's Motion to Amend Third Amended Complaint (docket no. 114) should be denied.

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That Plaintiff's Motion to Amend Third Amended Complaint (docket no. 114) be **DENIED**; and

2. That each party pay their own attorney fees and costs.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the**

recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53

(1985), and also waives appellate review of both factual and legal questions.

<u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley</u>

<u>v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Done this 29th day of March 2010.

BY THE COURT

<u>s/ Michael J. Watanabe</u>
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE