IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 09-cv-01646-PAB-MJW

GEORGE SISNEROS,

   Plaintiff,

v.

COUNTY OF PUEBLO, et al.,

   Defendants.

---

**ORDER**

---

This matter is before the Court on a motion to dismiss and to stay discovery filed by defendant County of Pueblo on February 5, 2010 ("Def.'s Mot.") [Docket No. 110]. Plaintiff filed a response to the motion on February 22, 2010. Defendant County of Pueblo filed a reply on April 7, 2010, which the Court struck as untimely on April 8, 2010 [Docket No. 128]. The motion is ripe for disposition.

## I. BACKGROUND

The following facts are drawn from plaintiff's complaint and are presumed to be true for purposes of this motion. Plaintiff was engaged in an argument on a public street in the City of Pueblo, Colorado on the night of July 18, 2007. A Pueblo police officer, when effectuating plaintiff's arrest, threw him to the ground, causing a laceration on plaintiff's right eyebrow along with injuries to plaintiff's head and neck. Plaintiff was transported by ambulance to St. Mary-Corwin Hospital, where medical personnel

treated the laceration and performed a CT scan of his head.[1]

The hospital cleared plaintiff for discharge, and he was transported to the Pueblo County Sheriff's Office Detention Center. In the early morning hours of July 19, 2007, either an employee of the Detention Center or of Correctional Healthcare Management, Inc. ("CHM") (an entity plaintiff alleges the County of Pueblo hired to provide medical services in the Detention Center) threw plaintiff to the floor of his cell while his hands were cuffed behind his back. As a result, plaintiff suffered a laceration on his left eyebrow. At approximately 2:15 a.m. that morning, CHM employees determined that plaintiff should be returned to the hospital where, upon arrival, medical personnel treated the laceration to his left eyebrow before discharging plaintiff. When he returned to the Detention Center, plaintiff was again thrown to the floor of his cell and left unattended.

At around 11:00 a.m., an employee of the Pueblo County Sheriff's Office Medical Division noted that plaintiff complained that his legs, feet, and arms were numb and that he had been unable to move all morning. Around 3:00 p.m. that day, members of the Medical Division and CHM began examining plaintiff. They transported him to Parkview Hospital in Pueblo at approximately 5:07 p.m. Medical personnel at Parkview diagnosed plaintiff with a central spinal cord injury. Plaintiff is now permanently paralyzed.

Plaintiff brings five claims for relief against a number of defendants, including the County of Pueblo. He identifies the County as a defendant in the following claims for

---

[1] The medical personnel also conducted a test which revealed plaintiff had a blood alcohol level of 0.336.

relief: first (excessive force), second (deliberate indifference), third (state law claims), and fifth (state and federal law claim). In all but the third claim for relief, the allegations against the County arise out of 42 U.S.C. § 1983. There are no allegations specific to the County in the third claim for relief, which arises under state law. The County now requests that it be dismissed from this action, arguing that it was improperly identified and, in any event, that the complaint fails to state a claim against it. For the following reasons, the Court will grant that request.

## II. DISCUSSION

"In all suits . . . against a county, the name in which the county shall sue or be sued shall be, 'The board of county commissioners of the county of . . . .'" Colo. Rev. Stat. § 30-11-105. This is the "exclusive method by which jurisdiction over a county can be obtained." *Calahan v. Jefferson County*, 429 P.2d 301, 302 (Colo. 1967). "An action attempted to be brought under any other designation is a nullity, and no valid judgment can enter in such a case." *Id.*; *see Gonzales v. Martinez*, 403 F.3d 1179, 1182 n.7 (10th Cir. 2005); *Abdelsamed v. United States*, No. Civ.A. 01-N-1774(CBS), 2002 WL 31409521, at *21 (D. Colo. Sep. 17, 2002) ("[T]he First Amended Verified Complaint fails to properly assert claims against Defendant El Paso County pursuant to Colo. Rev. Stat. [§] 30-11-105. Defendant El Paso County should be dismissed from this litigation."). Plaintiff's naming of the County of Pueblo as a defendant is defective, and the County can be dismissed due to this jurisdictional defect alone.

Plaintiff argues that such dismissal is inappropriate in light of *Dreason v. Lewis*, 706 P.2d 1283 (Colo. App. 1985). The *Dreason* court reversed a dismissal *with*

3

*prejudice* of a pro se plaintiff's complaint for failure to comply with Colo. Rev. Stat. § 30-11-105 and remanded the case to permit the plaintiff to amend the complaint. Here, plaintiff, who is represented by counsel, has failed to allege facts sufficient to state a claim against the County of Pueblo in his *third* amended complaint. Therefore, no purpose would be served by permitting him to cure the jurisdictional defect.

In determining whether plaintiff has stated a claim, "[t]he court's function . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). However, "where the well-pleaded facts do not

4

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

Here, plaintiff alleges misconduct on the part of employees of the Pueblo County Sheriff's Office and CHM employees working at the Detention Center. Pursuant to Colorado law, "the [county] commissioners and the sheriff are separately elected officials." *Terry v. Sullivan*, 58 P.3d 1098, 1102 (Colo. App. 2002). "[T]he Board [of County Commissioners] does not exercise managerial control over either the sheriff or the detention center and its staff." *Id.*; *see* Colo. Rev. Stat. § 30-10-511 ("[T]he sheriff shall have charge and custody of the jails of the county, and of the prisoners in the jails, and shall supervise them himself or herself through a deputy or jailer."). The Board of Commissioners is granted certain enumerated powers which do not include management of county jails. *See* Colo. Rev. Stat. § 30-11-107; *cf. Richart v. Board of Com'rs of Boulder County*, 33 P.2d 971, 972-73 (Colo. 1934) (stating, when interpreting the predecessor statutes, that the "general powers conferred upon the board with reference to the county's property generally, when in conflict with the special, particular powers conferred upon the sheriff with reference to jails, must yield to the latter. . . ."). Therefore, any allegations regarding the conduct of the Sheriff's Office in managing the

5

jail and any resulting harm to plaintiff are, without more, insufficient to state a claim against the County of Pueblo.

Plaintiff also attempts to base liability for the County on the allegation that the law enforcement and medical defendants were agents of the County. Such employment status is also insufficient on its own to state a claim arising under § 1983 against the County. Plaintiff fails to identify any policy or custom implemented by the County that caused him injury. *Cf. Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Instead, he merely alleges, in his second claim for relief, that the County was responsible for "supervising the operations of their personnel" and "obligated to assure that their personnel were adequately trained" and, in his fifth claim for relief, that the County "retains ultimate financial responsibility for and discretionary authority concerning CHM's operations within the jail other than security and custodial matters, causing the County government to be in a 'special relationship' with respect to the detainees, including but not limited to a duty to ensure that a detainee comes to no harm and that the detainee is provided adequate medical care." Third Am. Compl. at 11, ¶ 48; 15, ¶ 65.

Plaintiff, however, does not allege any conduct by the County, whether through policy or failure to adequately train, that led to his injuries at the hands of law enforcement officers. And, as discussed above, the County does not control the day-

to-day operations of the Detention Center.[2] Even assuming the County directs the medical care in the Detention Center, the alleged improper acts of Sheriff's Office employees and the CHM medical staff are insufficient to support liability of the County in the absence of any alleged unconstitutional or illegal County policy. *See Lopez v. LeMaster*, 172 F.3d 756, 760 (10th Cir. 1999) (finding, in a case where appellant argues "that poor training and supervision were a county policy," that it was "not enough . . . for appellant to show that there were general deficiencies in the county's training program for jailers," but instead "must identify a specific deficiency in the county's training program closely related to the ultimate injury, and must prove that the deficiency in training actually caused his jailer to act with deliberate indifference to his safety."). Plaintiff has not specifically alleged any such policy or deficiency in training. Rather, he essentially alleges that the County had responsibility to train and supervise certain other defendants. *See* Third Am. Compl. at 11, ¶ 48 (alleging County had obligations and responsibilities to train and supervise) and 15, ¶ 65 (alleging County had responsibility and authority over the jail). The County is not vicariously liable, however, merely due to its potential status as an employer. In short, plaintiff has sued the County pursuant to § 1983, but has alleged "an injury inflicted solely by its

---

[2]As for any contention by plaintiff that the County is liable for the acts of third parties because of a "special relationship" it had with him, he has inadequately alleged facts showing that the County "assume[d] control over [him] sufficient to trigger an affirmative duty" to protect him from the acts of the other named defendants. *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995) (citing *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 199-200 (1989)).

employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).[3]

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant County of Pueblo's motion to dismiss [Docket No. 110] is GRANTED in part and DENIED as moot in part. It is further

**ORDERED** that the County of Pueblo is dismissed with prejudice from this action. It is further

**ORDERED** that defendant County of Pueblo's request for a stay of discovery is deemed moot in light of its dismissal from this action.

DATED May 3, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[3] Plaintiff has since filed a motion to amend his complaint for a fourth time [Docket No. 114]. The magistrate judge has recommended that the motion be denied [Docket No. 125], a recommendation the Court will take up in due time. For present purposes, however, the Court notes that the proposed fourth amended complaint adds a claim for relief against numerous defendants, including the County, but does not include any additional allegations regarding County policies or conduct that calls into question the conclusion the Court reaches here.