IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01646-PAB-MJW

GEORGE SISNEROS,

     Plaintiff,

v.

OFFICE OF PUEBLO COUNTY SHERIFF, et al.,

     Defendants.

---

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael J. Watanabe ("the Recommendation") [Docket No. 125] regarding plaintiff's motion to amend his third amended complaint [Docket No. 114]. Magistrate Judge Watanabe recommends that the Court deny plaintiff's motion. Plaintiff, through counsel, filed an objection to the Recommendation [Docket No. 129]. The Court, therefore, will review plaintiff's motion *de novo*. *See* Fed. R. Civ. P. 72(b).

Plaintiff filed his original complaint on July 10, 2009 [Docket No. 1]. He filed a first amended complaint on July 27, 2009 [Docket No. 6], followed by a second amended complaint on November 30, 2009 [Docket No. 77], and a third amended complaint on December 30, 2009 [Docket No. 94]. The deadline set in the Rule 16 Scheduling Order for amendment of pleadings was December 15, 2009 [Docket No. 74 at 12]. Plaintiff filed the present motion to amend his third amended complaint on February 19, 2010 [Docket No. 114], whereby he sought to add a sixth claim for relief.

Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires." The scheduling order's deadline for amendment of pleadings has passed. Therefore, Federal Rule of Civil Procedure 16(b)(4) is also implicated. It provides that a "schedule may be modified only for good cause and with the judge's consent." "Although the Tenth Circuit has not adopted a rule on the interaction between Rule 15(a) and Rule 16(b), courts in this district have applied the framework articulated in *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001), to cases where the scheduling order deadline has passed." *Texas Instruments, Inc. v. BIAX Corp.*, No. 07-cv-02370-WDM-MEH, 2009 WL 3158155, at *1 (D. Colo. Sep. 28, 2009) (citations omitted).

Under that framework, plaintiff must "first demonstrate . . . that it has 'good cause' for seeking modification of the scheduling deadline." *Pumpco*, 204 F.R.D. at 668 (quotations and citation omitted). Good cause "means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* (quotations and citation omitted). If plaintiff can show good cause, the Court turns to the Rule 15(a) standard. *See id.* at 669. Pursuant to Rule 15(a), "'[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). There is a "rough similarity between the 'good cause' standard of Rule 16(b) and [the Tenth Circuit's] 'undue delay' analysis under rule 15." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n.4 (10th

Cir. 2006).

Plaintiff has failed to show good cause and, furthermore, has exhibited undue delay in seeking to amend his complaint to add an additional claim for relief. Plaintiff contends that he "first learned of the information necessary to assert the Sixth Claim after the December 15, 2009 deadline." Pl.'s Objection [Docket No. 129] at 7. A comparison of his proposed fourth amended complaint with his previous complaints belies that claim. Plaintiff has added no new factual allegations in his proposed fourth amended complaint. In fact, the factual allegations have remained unchanged in all four iterations of his complaint. *See* Docket No. 1 (Compl.) at 5-9, ¶¶ 19-37; Docket No. 6 (1st Am. Compl.) at 5-9, ¶¶ 19-37; Docket No. 77 (2nd Am. Compl.) at 5-9, ¶¶ 19-37; Docket No. 94 (3rd Am. Compl.) at 6-9, ¶¶ 19-37; Docket No. 114-1 (Proposed 4th Am. Compl.) at 6-9, ¶¶ 19-37. Plaintiff does not explain why, if the factual allegations remain unchanged, he could not have pled his sixth claim for relief well before the scheduling order deadline. The Court finds that plaintiff, in the exercise of reasonable diligence, easily could have met the deadline to amend pleadings. Therefore, it is

**ORDERED** that the Recommendation [Docket No. 125] is ACCEPTED. It is further

**ORDERED** that plaintiff's motion to amend his third amended complaint [Docket No. 114] is DENIED.

DATED June 22, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge