IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01646-PAB-MJW

**GEORGE SISNEROS**,

Plaintiff,

v.

**CORRECTIONAL HEALTHCARE MANAGEMENT, INC.**, a corporation authorized to conduct business in the State of Colorado; John and Jane Doe (to be later specifically identified), individually and in their capacity as an agent or employee of Correctional Healthcare Management, Inc., etc.,
**PETER ELLIOTT, M.D.**, and John/Jane Doe physicians and medical treatment providers (to be later specifically identified) at St. Mary-Corwin Medical Center,
**THE CITY OF PUEBLO COLORADO**, actually named as City of Pueblo, by and through its Police Department,
**JAMES W. BILLINGS, JR.**, Chief of Police of Pueblo,
**KIRK M. TAYLOR**, Pueblo County Sheriff; John/Jane Doe Deputies and employees (to be later specifically identified) of Pueblo County Sheriff and Detention Center, and,
**CATHOLIC HEALTH INITIATIVES COLORADO**, d/b/a St. Mary-Corwin Medical Center of Pueblo Colorado,

Defendants.

---

## ORDER REGARDING
## DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFF'S FED. R. CIV. P. 26(A)(2) WITNESS PATRICIA PACEY, PH.D. PURSUANT TO FED. R. CIV. P. 37(C) (DOCKET NO. 181)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Joint Motion to Strike Plaintiff's

Fed. R. Civ. P. 26(a)(2) Witness Patricia Pacey, Ph.D. Pursuant to Fed. R. Civ. P. 37(c)

(docket no. 181).  The court has reviewed the subject motion (docket no. 181), the

response (docket no. 190), and the reply (docket no. 193).  In addition, the court has

2

taken judicial notice of the court file and has considered applicable Federal Rules of

Civil Procedure and case law.  The court now being fully informed makes the following

findings of fact, conclusions of law, and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.    That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.    That venue is proper in the state and District of Colorado;

3.    That each party has been given a fair and adequate opportunity to

be heard;

4.    That Fed. R. Civ. P. 37(c)(1) provides, in pertinent part, that "if a

party fails to . . . identify a witness as required by Rule 26(a) or e),

the party is not allowed to use that . . . witness to supply evidence

on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless."  See Cook v. Rockwell Interm,

Corp., 233 F.R.D. 598, 600 (D. Colo. 2005).  Failure to timely

disclose expert testimony is grounds for striking that testimony

under Fed. R. Civ. P. 37(c)(1);

5.    That on April 1, 2010, Plaintiff served his initial Rule 26(a)(2) expert

disclosures upon Defendants.  The retained experts listed by

Plaintiff were H. Ellis Armistead, Mark Richard Pogrebin, Ph.D.,

James Gracey, M.Ed., Ed. D., J. Bradley Gibson, M.D., and Joseph

Richard Ramos, Jr., M.D., J.D.  Patricia Pacey, Ph.D. was not

3

included in this list of retained experts by Plaintiff;

6.     That in the retained expert disclosures by Plaintiff on April 1, 2010,

the Plaintiff proffered Dr. Gracey as a vocational rehabilitation and

life care planning expert.  In essence, Plaintiff stated: "He will testify

pertaining to the life care plan for Plaintiff."  See exhibit A attached

to the subject motion (docket no. 181);

7.     That on February 10, 2011, Plaintiff served Defendants with a Fifth

Supplemental Rule 26 Expert Witness Disclosures.  See exhibit B

attached to the subject motion (docket no. 181).  In exhibit B,

Plaintiff now adds Patricia Pacey, Ph.D., for the first time as an

retained expert in the field of economics and future medical/life care

expenses.  She will testify pertaining to the evaluation of the future

medical and life care needs of Plaintiff;

8.     That nowhere in the Plaintiff's Preliminary Rule 26 Expert Witness

Disclosures (docket no. 181-1) and nowhere in the First, Second,

Third, or Fourth Supplemental Rule 26 Expert Witness Disclosures

is Dr. Pacey listed.  See docket no. 181-2;

9.     That on April 1, 2010, I granted Plaintiff's Motion for Extension to

Disclose expert witnesses (docket no. 122).  In my Order (docket

no. 126), I gave Plaintiff an additional 60 days or up to and

including May 13, 2010, in which to disclose his expert witnesses

and expert reports for trial and granted Defendants a reciprocal

extension of time in which to disclose their respective expert

4

witnesses and expert reports.  See docket no. 126.

10.    That Plaintiff did not move for an extension of time to designate additional experts prior to May 13, 2010;

11.    That Plaintiff's disclosure of expert witness Patricia Pacey, Ph.D., was made for the first time almost nine (9) months [date of certificate of mailing for the Plaintiff's Fifth Supplemental Rule 26 Expert Witness Disclosures (docket no. 181-3) is February 10, 2011] after this court set the extended deadline for Plaintiff to disclose [May 13, 2010] his experts;

12.    That Plaintiff knew about the need for a life care plan expert and the need for an expert on damages, in particular, an expert concerning the cost for Plaintiff's life care plan and treatment when he disclosed Dr. Gracey initially.  Nevertheless, Plaintiff did not disclose Patricia Pacey, Ph.D., in Plaintiff's Preliminary Rule 26 Expert Witness Disclosures (docket no. 181-1) or in the First, Second, Third, or Fourth Supplemental Rule 26 Expert Witness Disclosures (docket no. 181-2); and

13.    That Plaintiff's late disclosure of Patricia Pacey, Ph.D., is untimely, without substantial justification, and prejudicial to Defendants, noting that Dr. Pacey's report offers, for the first time, that Plaintiff will be seeking $9,587,700.00 in future economic damages.  Up to this point, the Defendants were relying upon the reports of the other initially-disclosed experts by Plaintiff and not Dr. Pacey.

5

Accordingly, I find that Patricia Pacey, Ph.D., should be stricken as an expert witness for Plaintiff and further that Plaintiff should be precluded from offering Dr. Pacey's testimony and report at trial.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusion of law this court **ORDERS**:

1.   That Defendants' Joint Motion to Strike Plaintiff's Fed. R. Civ. P. 26(a)(2) Witness Patricia Pacey, Ph.D., Pursuant to Fed. R. Civ. P. 37(c) (docket no. 181) is **GRANTED.**  Patricia Pacey, Ph.D., is stricken as an expert witness for Plaintiff.  Plaintiff shall be precluded from offering Dr. Pacey's testimony or her expert report at trial; and

2.   That each party shall pay their own attorney fees and costs for this motion.

Done this 25th day of May 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE