IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01646-PAB-MJW

GEORGE SISNEROS,

    Plaintiff,

v.

KIRK M. TAYLOR, Pueblo County Sheriff,
JOHN and JANE DOE deputies and employees, (to be later specifically identified) of Pueblo County Sheriff and Detention Center,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC., a corporation authorized to conduct business in the State of Colorado,
JOHN DOE (to be later specifically identified), individually and in his capacity as an agent or employee of Correctional Healthcare Management, Inc.,
JANE DOE (to be later specifically identified), individually and in her capacity as an agent or employee of Correctional Healthcare Management, Inc.,
JOHN/JANE DOE, physicians and medical treatment providers (to be later specifically identified) at the Pueblo County Sheriff's Detention Center,
CITY OF PUEBLO,
JAMES W. BILLINGS, JR., Chief of Police of Pueblo,
CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a St. Mary-Corwin Medical Center of Pueblo, Colorado,
PETER ELLIOTT, M.D.,  and
JOHN/JANE DOE physicians and medical treatment providers (to be later specifically identified) at St. Mary-Corwin Medical Center,

    Defendants.

---

# ORDER

---

This matter is before the Court on the motion for summary judgment [Docket Nos. 168, 169] filed by defendants Office of Pueblo County Sheriff, Kirk M. Taylor, and Pueblo County Sheriff's Detention Center.  On May 9, 2011, the Court granted the motion in part [Docket No. 195], granting summary judgment to defendant Taylor on plaintiff's claims brought pursuant to 42 U.S.C. § 1983 and reserving judgment on the

state law claims against defendant Taylor addressed in the motion.[1]

In regard to the state law claims that remain pending in this matter, the Court provided the parties with an opportunity to brief the question of whether this Court should decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). Defendant Taylor[2] points out, *see* Docket No. 199 at 2, that the Tenth Circuit has stated, "[o]nce federal question jurisdiction exists, it is within the trial court's discretion to exercise supplemental jurisdiction over those state law claims that derive from a common nucleus of facts." *United International Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000). However, as the Court noted in its May 9 order, more recently the Tenth Circuit has reversed a district court's granting of summary judgment on state law claims after its dismissal of the federal claims. *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010).

Defendant Taylor relies upon an unpublished Tenth Circuit opinion decided after *Brooks* where the court, in a case originally removed from state court, stated that the district court "should consider 'the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction'" when determining

---

[1] The Court further ordered that all of plaintiff's claims against defendants Pueblo County Sheriff's Office and Pueblo County Sheriff's Detention Center be dismissed because those defendants are not separate entities from the elected Pueblo County Sheriff, defendant Taylor.

[2] Former defendants Office of Pueblo County Sheriff and Pueblo county Sheriff's Detention Center also joined the brief regarding whether the Court should retain supplemental jurisdiction over the state law claims. As noted, however, those defendants have been dismissed from this action.

2

whether to exercise supplemental jurisdiction over the state law claims. *Henderson v. Nat'l R.R. Passenger Corp.*, 2011 WL 14458, at *2 (10th Cir. Jan. 5, 2011). The *Henderson* court upheld the district court's decision to exercise supplemental jurisdiction in light of the parties having engaged in discovery and a trial date having been set. *See id.*

The *Henderson* court, however, did not address the implication of the *Brooks* decision, where the Tenth Circuit implied[3] that it was an abuse of discretion for the district court to exercise supplemental jurisdiction over state law claims in a case where discovery had been completed, the motions for summary judgment were fully briefed and ripe for disposition, and the matter had been pending for over three years at the time the district court resolved all the claims. *See* Docket in *Brooks v. Gaenzle*, Civil Action No. 06-cv-01436-CMA-MJW; *see also Brooks v. Gaenzle*, No. 06-cv-01436-CMA-MJW, 2009 WL 3158138 (D. Colo. Sep. 29, 2009). Furthermore, after the *Henderson* decision, the Tenth Circuit concluded in an unpublished opinion that "any state-law claims for assault and battery or mental and emotional injury were *inappropriate* subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed." *Endris v. Sheridan County Police Dep't*, 2011 WL 441694, at *2

---

[3]It is unclear from the *Brooks* decision whether the court found that the district court's decision was an abuse of discretion, *see Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009) ("We review a denial of supplemental jurisdiction for abuse of discretion."); *cf. Muller v. Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011) (unpublished), that the district court had no discretion (despite the *Brooks* court citing the discretionary nature of the decision to exercise supplemental jurisdiction), or that the court was actually applying a *de novo* standard of review, *see Brooks*, 614 F.3d at 1230 ("[W]e decline to exercise jurisdiction over Mr. Brooks's remaining state law claim, and, instead, reverse the district court's grant of summary judgment on that claim and remand with instructions to dismiss it without prejudice.").

(10th Cir. Feb. 9, 2011) (unpublished) (citing *Brooks*, 614 F.3d at 1229) (footnote omitted) (emphasis added). In short, as the Court stated in the May 9 order, the parameters of the Court's discretion, if any, to exercise supplemental jurisdiction are far from clear.[4]

Even assuming the Court had discretion to exercise supplemental jurisdiction, the Court declines to do so. *Cf. Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (stating that, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims" after dismissing federal claims) (cited by *Cohon ex rel. Bass v. New Mexico*, --- F.3d ----, 2011 WL 1746203, at *4 (10th Cir. May 9, 2011)). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (internal quotation marks and citation omitted). Defendant Taylor requests that the Court exercise supplemental jurisdiction because

---

[4]The Court notes that there are Tenth Circuit cases which can be construed as finding that it can never be an abuse of discretion to *decline* to exercise supplemental jurisdiction. For instance, in *Muller v. Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011), the court concluded that "[t]here is no abuse of discretion here, because under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction where it 'has dismissed all claims over which it has original jurisdiction[.]'" That conclusion appears to interpret § 1367(c)(3) as insulating from review a district court's decision to decline to exercise supplemental jurisdiction where the requirement of § 1367(c)(3) has been met. *Cf. Skrzypczak v. Roman Catholic Diocese Of Tulsa*, 611 F.3d 1238, 1246 (10th Cir. 2010) ("[B]*ecause* the district court properly dismissed Appellant's federal claims, it did not err in dismissing her remaining state law claims under 28 U.S.C. § 1367(c)(3).") (emphasis added); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("*Because* we affirm the dismissal of all Mr. Fields's federal-law claims, dismissal of his state-law claims under 28 U.S.C. § 1367(c)(3) was proper.") (emphasis added). Under such a reading of the cases, only the retention of jurisdiction can lead to claims of error. It is unclear, however, under what circumstances it would be an abuse of discretion to do so.

the motions for summary judgment are ripe for disposition. The Court finds that, standing alone, that is not a compelling reason to retain jurisdiction under the circumstances in this case. It is far from clear that, as defendant Taylor implies, all of the remaining claims will necessarily be resolved sooner by this Court than by the state court.[5] A trial date has yet to be set. Moreover, as plaintiff points out, the location of the state court will be a more convenient forum for witnesses as well as himself, particularly in light of his current physical condition. *See* Docket No. 200 at 5-6.[6] Therefore, it is

**ORDERED** that, because the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), the remaining claims in this action, all of which arise under state law, are dismissed without prejudice. It is further

**ORDERED** that, to the extent the Court reserved judgment on the motion for summary judgment [Docket No. 168, 169] filed by defendants Office of Pueblo County Sheriff, Kirk M. Taylor, and Pueblo County Sheriff's Detention Center, the motion is DENIED as moot. It is further

---

[5]Defendant Taylor is the only party to file an objection to the Court declining to exercise supplemental jurisdiction.

[6]Plaintiff "respectfully requests that the court dismiss the pendent state law claims without prejudice, so as to remand these issues to the state courts of Colorado." Docket No. 200 at 6. To the extent this can be construed as a request that the Court remand this matter to state court, it will be denied because plaintiff initiated this action in this Court. *See Brooks*, 614 F.3d at 1230 ("Colorado law recognizes if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction over the state claims, the plaintiff may refile those claims in state court.*)* (citations, quotation marks and alterations omitted); *see* 28 U.S.C. § 1367(d) (providing that the state law statute of limitations "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period").

**ORDERED** that plaintiff's First Motion for Entry of Judgment and Certificate of Appealability [Docket No. 180] is DENIED as moot. It is further

**ORDERED** that, in accordance with this order and the May 9, 2011 order of the Court, judgment shall enter in favor of defendants and against plaintiff.

DATED June 8, 2011.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge