IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01646-PAB-MJW

**GEORGE SISNEROS**,

Plaintiff,

v.

**COUNTY OF PUEBLO,**
**OFFICE OF PUEBLO COUNTY SHERIFF,**
**KIRK M. TAYLOR,** Pueblo County Sheriff,
**PUEBLO COUNTY SHERIFF'S DETENTION CENTER,**
**JOHN/JANE DOE** deputies and employees (to be later specifically identified)
      of Peublo County Sheriff and Detention Center,
**CORRECTIONAL HEALTHCARE MANAGEMENT, INC.**, a corporation authorized to
      conduct business in the State of Colorado;
**JOHN DOE** (to be later specifically identified), individually and in his capacity as an
      agent or employee of CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
**JANE DOE** (to be later specifically identified), individually and in her capacity as an
      agent or employee of CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
**JOHN/JANE DOE** physicians and medical treatment providers (to be later specifically
      identified) at the Pueblo County Sheriff's Detention Center,
**CITY OF PUEBLO** by and through its POLICE DEPARTMENT,
**JAMES W. BILLINGS, JR.**, CHIEF OF POLICE OF PUEBLO,
**OFFICER RONALD M. ORESKOVICH,**
**CATHOLIC HEALTH INITIATIVES COLORADO** d/b/a ST. MARY-CORWIN MEDICAL
      CENTER OF PUEBLO COLORADO,
**PETER ELLIOTT, M.D.**, and
**JOHN/JANE DOE** physicians and medical treatment providers (to be later specifically
      identified) at St. Mary-Corwin Medical Center,

Defendants.

---

**ORDER REGARDING
DEFENDANT RONALD M. ORESKOVICH'S  MOTION FOR ENTRY OF JUDGMENT
FOR COSTS AND FEES UNDER C.R.S. § 24-10-110(5)(C)
(DOCKET NO. 206)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

      This matter is before the court on Defendant Ronald M. Oreskovich's Motion for

2

Entry of Judgment for Costs and Fees Under C.R.S. § 24-10-110(5)(c) (docket no. 206).

The court has reviewed the subject motion (docket no. 206), the response (docket no.

223), and the reply (docket no. 227).  In addition, the court has taken judicial notice of

the court's file and has considered applicable Federal Rules of Civil Procedure and case

law.  The court now being fully informed makes the following findings of fact,

conclusions of law, and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to

be heard;

4.      That on June 10, 2011, a Final Judgment was entered in this case.

Judge Brimmer granted Defendant Ronald M. Oreskovich's Motion

for Summary Judgment filed May 12, 2010, and plaintiff's claims

against Defendant Ronald M. Oreskovich were dismissed.  See

docket no. 205;

5.      That Defendant Oreskovich is the prevailing party for the purposes

of Fed. R. Civ. P. 54(d)(1).  See also Price v. Cochran, 66 Fed.

Appx. 781, 790-91 (10th Cir. May 12, 2003) (upholding an award of

costs under Fed. R. Civ. P. 54(d)(1) against plaintiff in favor of

defendants where defendants were granted summary judgment on

3

all of plaintiff's 42 U.S.C. § 1983 civil rights claims);

6. That on August 9, 2011, the Clerk of Court taxed costs in favor of Defendant Oreskovich and against Plaintiff Sisneros in the amount of $4,323.74.  See docket no. 226.  Therefore, to the extent that Defendant Oreskovich seeks costs in the subject motion (docket no. 206), that portion of the motion should be denied as moot;

7. That Plaintiff filed his Original Complaint on July 10, 2009 [docket no. 1].  He filed a First Amended Complaint on July 27, 2009 [docket no. 6], followed by a Second Amended Complaint on November 30, 2009 [docket no. 77], and a Third Amended Complaint on December 30, 2009 [docket no. 94];

8. That Defendant Officer Ronald M. Oreskovich is a peace officer as defined in § 16-2.5-105, C.R.S.; and

9. That Plaintiff's state-law claims against the law enforcement Defendants including Defendant Oreskovich are stated in his Third Claim for Relief in the Third Amended Complaint [docket no. 94], where he alleged the torts of "willful and wanton assault, battery, brutality and outrageous conduct."  (docket no. 94 at 13, ¶ 60). Such claims are consistent with common law torts in Colorado. See Bohrer v. DeHart, 943 P.2d 1220, 1224 (Colo. App. 1996). The only reference in Plaintiff's Third Amended Complaint [docket no. 94] for "exemplary damages" is contained in the concluding paragraph in the Third Amended Complaint [docket no. 94] where

4

Plaintiff requests entry of judgment in his favor and seeks awards including compensatory damages, "exemplary damages," costs and attorney fees.

I find that Defendant Oreskovich's request for attorney fees is governed by the Liability for Peace Officers Act ("LPOA"), § 29-5-111, C.R.S., and not the Governmental Immunity Act ("GIA"), § 24-10-110 (5)(c), C.R.S.   See Brown v. Gray, 227 F.3d 1278, 1294 (10th Cir. 2000).  The LPOA does not have a fee-shifting provision with respect to an unsuccessful plaintiff except for § 29-5-111(1), C.R.S, which requires a "reserve" peace officer to reimburse a municipality for the costs of his defense, if the reserve officer is shown to have acted willfully and wantonly or otherwise outside the scope of his duties.  See id. at 1294.  Defendant Oreskovich, however, is not a reserve peace officer;

I also find that the "exemplary damages" reference in the concluding paragraph of the Third Amended Complaint [docket no. 94]  is not a claim for relief under Fed. R. Civ. P. 8(a)(2) and is not an actionable claim for exemplary damages under § 13-21-102(1.5)(a), C.R.S.  Moreover, even if § 24-10-110(5)(c), C.R.S., were applicable to this factual situation, the Plaintiff did not seek or obtain leave of court to plead a state-law claim for exemplary

5

damages as required under § 13-21-102(1.5)(a), C.R.S., and

therefore Defendant Oreskovich's request for attorney fees as

provided in subsection § 24-10-110(5)(c) is without merit;

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1.    That Defendant Ronald M. Oreskovich's Motion for Entry of

Judgment for Costs and Fees C.R.S. § 24-10-110(5)(c) [docket no.

206] is **DENIED**; and

2.    That each party shall pay their own attorney fees and costs for this

motion.

Done this 6th day of January, 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE